# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK LAKE, dba MACHINERY BUILDERS CONSULTING, a Sole Proprietorship,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>SEAGULL OF VOLUSIA COUNTY, INC., a Florida Corporation; WOLFGANG UNGER, an Individual,<br><br>　　　　　　　　　　　Defendants.<br>_____<br>SEAGULL OF VOLUSIA COUNTY, INC., a Florida Corporation,<br><br>　　　　　　　　　　　Cross-Complainant,<br>vs.<br>RICK LAKE dba MACHINERY BUILDERS CONSULTING, a Sole Proprietorship,<br><br>　　　　　　　　　　　Cross-Defendant. | CASE NO. 06cv1189-LAB (POR)<br><br>**ORDER RE: PRETRIAL PREPARATION; AND**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED, ANSWER TO COUNTER-CLAIM SHOULD NOT BE STRICKEN, AND DEFAULT JUDGMENT ENTERED IN FAVOR OF DEFENDANT SEAGULL OF VOLUSIA COUNTY, INC.** |

　　　　Defendant and Cross-Complainant Seagull of Volusia County, Inc. ("Seagull") moved *ex parte* for an order to show cause why the complaint in this action should not be dismissed, and why the answer to the counter-claim should not be stricken and default judgment entered. Seagull has filed

proof of service indicating that the *ex parte* motion was served by overnight courier on Plaintiff and Cross-Defendant Rick Lake, dba Machinery Builders Consulting ("Lake"), on September 14, 2007. Lake, who is proceeding *pro se*, has not responded to the *ex parte* motion.

In its *ex parte* motion, Seagull seeks to be relieved of all pretrial meet-and-confer requirements, and seeks issuance of an order to show cause why the complaint should not be dismissed and why Lake's answer to the counter-claim should not be stricken and default judgment entered accordingly.

Seagull's *ex parte* motion alleges Lake has not responded to numerous telephone messages from Seagull's counsel or to Seagull's counsel's letter attempting to arrange to meet and confer as required regarding pretrial matters. The motion also alleges that while it was previously possible to leave messages for Lake at the telephone number he provided to Seagull, this number is no longer in service and that therefore Lake is failing to maintain a working phone number as ordered by the Court on June 19, 2007.[1]

In support of its motion, Seagull has submitted a declaration by its counsel attesting to these alleged facts, and to the authenticity of exhibits it also submitted, which included the letter from Seagull's counsel requesting Lake to contact him to arrange to meet and confer regarding the exchange of exhibits and witness lists. The letterhead lists Seagull's counsel's address, telephone number, and fax number.

Lake's most recent filing was on June 15, 2007, when he filed his response to Seagull's counter-claim. He did not oppose or otherwise respond to Defendant Unger's *ex parte* motion for entry of judgment pursuant to Fed. R. Civ. P. 54(d) filed on August 31, 2007.

On October 10, 2006, following a case management conference before Magistrate Judge Louisa Porter, the pretrial conference was scheduled for Monday, September 24, 2007 at 10:45 a.m. (Scheduling Order, filed Oct. 10, 2006, at 4:5–6.) The same order required the parties, or their counsel, to comply with various pretrial requirements and deadlines, including disclosures, meeting and conferring, exchanging of documents, drafting a proposed pretrial order, and otherwise complying with the Civil Local Rules and the Court's standing order. (*Id.* at 3:13–4:4.) This scheduling order

---

[1] In fact, Lake is already required under Civil Local Rule 5.1(j)(1) to provide a telephone number where he may be contacted. The Court's order signed June 19, 2007 merely pointed this out and ordered Plaintiff to file a notice providing this telephone number as well as his address.

1  specifically advises the parties that failure to comply with the disclosure requirements could result in
2  evidence preclusion or sanctions under Fed. R. Civ. P. 37 (*Id.* at 3:18–20.) Although the scheduling
3  order refers to Plaintiff's counsel, Plaintiff Lake is advised that because he is representing himself, the
4  instructions in this order apply to him, and the responsibility for carrying out what would ordinarily
5  be his attorney's responsibilities falls on him. (*See* Order Approving Withdrawal and Substitution of
6  Counsel, filed April 11, 2007 (approving Plaintiff's request to substitute *in propria persona* for his
7  previous counsel, Philip Asiano, and reminding Plaintiff he must comply with all scheduled dates and
8  with all applicable rules and orders).)
9       Under Fed.. R. Civ. P. 16(f), sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(B)–(D) may be
10 imposed

> [i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith . . . .

14 Among the available sanctions are the striking of pleadings, and the rendering of a default judgment.
15 Fed. R. Civ. P. 37(b)(2)(C).
16       For these reasons, the Court **ORDERS** Plaintiff and Cross-Defendant Lake to meet and confer
17 with Defendant and Cross-Complainant Seagull, and to take all other steps required under the
18 scheduling order issued October 10, 2006. Lake is **ORDERED** to immediately provide Seagull's
19 counsel with a working telephone number where he may be reached, and to promptly file a notice of
20 change of address with the Court at any time during the pendency of this action when his phone
21 number or address change. Lake is also hereby **ORDERED** to appear personally at the pretrial
22 conference on **Monday, September 24, 2007 at 10:45 a.m**. and to show cause why his answer to the
23 counter-claim should not be stricken and why default judgment should not be entered against him both
24 as to his complaint and as to the counter-claim. **Should Lake fail to appear at the pretrial**
25 **conference or to show cause as ordered, he may be subject to sanctions, including entry of**
26 **default judgment against him on both his complaint and the counter-claim.**
27       Seagull's request to be excused from pretrial preparation is **GRANTED IN PART AND**
28 **DENIED IN PART**. Should Lake continue to fail to participate in pretrial preparation even after

1  issuance of this order, Seagull will still be required to appear at the pretrial conference, and is directed
2  to prepare, serve, and lodge a proposed pretrial order, but is excused from other pretrial preparation
3  until further notice. Seagull, is, however, requested to continue with pretrial preparation in
4  anticipation of this case proceeding as scheduled, or after a brief delay. Should Lake begin to comply
5  with pretrial requirements, however, Seagull is directed to cooperate with Lake in order to prepare for
6  the pretrial conference.

**IT IS SO ORDERED**.

DATED: September 18, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge